UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLTON VAN SCOTT                                    2:08-cv-2006-RCF

       Plaintiff,

v.

GLENDA MOORE et al.,

       Defendants.

_____

     Plaintiff, a state prisoner proceeding pro se, seeks to bring this civil action in forma pauperis, asserting claims under 42 U.S.C. § 1983. As explained below, the court must deny plaintiff's petition because the inmate account statement that he submitted does not include information for the six-month period *immediately* preceding August 26, 2008, the date that he filed his complaint. If plaintiff wishes to proceed with this case, he must, within 30 days from the date of this order, file a new application to proceed in forma pauperis that includes this information.

     A federal statute, 28 U.S.C. § 1915(a), sets forth certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under 28 U.S.C. § 1915, a prisoner who brings a civil action in forma pauperis must, over time, pay a $350 filing fee. In order for the court to determine how the prisoner must pay this fee, the prisoner must submit a certified copy of his inmate account statement for the six-month period *immediately* preceding the date that the prisoner filed his complaint. *See* 1915(a)(2). If the court grants the prisoner's petition, the court must, based on the information in the inmate account statement, "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1951(b).

     In this case, plaintiff has submitted an inmate account statement only for the period of April 1, 2008 through July 9, 2008. This account statement only shows the prisoner's funds over a three-

1  month period, rather than the required six-month period, and does not show his funds for the period

2  *immediately* preceding the filing of his complaint on August 26, 2008.  The court will therefore deny

3  plaintiff's petition to proceed in forma pauperis without prejudice to resubmission.  If, within 30

4  days from the date of this order, plaintiff submits a new, completed application to proceed in forma

5  pauperis, including a certified copy of his inmate account statement showing his funds for the period

6  of February 26, 2008 through August 26, 2008, the court will grant his petition, and thereby obligate

7  the prisoner to pay a $350 filing fee.  If, by that time, the petitioner decides not to proceed with the

8  case, he need not pay the $350 filing fee.

9  In order for the petitioner to decide whether to submit a new petition and proceed with the

10  case, the court will address what an inmate must show in order to state an Eighth Amendment claim

11  based on an his medical care and treatment.  Under the Eighth Amendment, prison officials must

12  provide prisoners with medical care.  *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.

13  1986).  Not every medical injury to a prisoner, however, constitutes an Eighth Amendment

14  violation.  In order to establish an Eighth Amendment violation based on prison medical treatment, a

15  plaintiff must prove two things.  "First, the plaintiff must show a serious medical need by

16  demonstrating that failure to treat a prisoner's condition could result in further significant injury or

17  the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendant's

18  response to the need was *deliberately indifferent*."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

19  2006).

20  "A prison official acts with deliberate indifference . . . only if the prison official knows of

21  and disregards an excessive risk to inmate health and safety."  *Toguchi v. Chung*, 391 F.3d 1051,

22  1057 (9th Cir. 2004).  A plaintiff may prove that a defendant acted with "deliberate indifference" by

23  demonstrating " (a) a purposeful act or failure to respond to a prisoner's pain or possible medical

24  need *and* (b) harm caused by the indifference."  *Jett*, 439 F.3d at 1036 (emphasis added) (internal

25  quotation marks omitted).  A plaintiff may show "indifference" by the way in which "prison

26  officials deny, delay or intentionally interfere with medical treatment, or . . . by the way in which

27  prison physicians provide medical care."  *Id.*

28  A prison physician does *not* violate the Eighth Amendment, however, merely through "an

1   inadvertent or negligent failure to provide adequate medical care." *Id.* (internal quotation marks

2   omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Moreover, supervising personnel

3   are not generally liable under 42 U.S.C. § 1983 for the violations of those who work for them. "A

4   supervisor is only liable for constitutional violations of his subordinates if the supervisor

5   participated in or directed the violations, or knew of the violations and failed to act to prevent them."

6   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

7          Under these principles, plaintiff's complaint does not state an Eighth Amendment claim

8   against some of the defendants. Plaintiff alleges that defendant Glenda Moore, a nurse practitioner,

9   refused to provide him with the medication necessary to treat an infected toenail, and that he

10  continues to suffer pain as a result of this infection.  Plaintiff also appears to allege that defendant

11  Yuen M. Chen, a physician, would not examine him even after he made an appointment.  These

12  allegations, if construed in the light most favorable to plaintiff, may be sufficient to state Eighth

13  Amendment claims against defendants Moore and Chen. But this is not to say that the court has

14  decided whether plaintiff would prevail on these claims.

15         Plaintiff's complaint fails, however, to state claims against the other named defendants.

16  Plaintiff alleges that defendant Lowe, a physician, examined plaintiff's toe but found no signs of

17  infection.  This allegation, even if proved, could, at best, show only that Dr. Lowe was negligent in

18  examining plaintiff, which would not constitute an Eighth Amendment violation.  Plaintiff's

19  complaint includes no allegations against the other named defendants, Drs. Toppenburger, Traquina

20  and Naku.  It therefore appears that if plaintiff decides to proceed with his case, the court would

21  have to dismiss his claims against all defendants other than perhaps Moore and Chen.  Plaintiff

22  would be entitled, however, to ask the court for leave to amend his complaint to include both the

23  original allegations and additional allegations against the other named defendants.  These allegations

24  would have to show both how each defendant violated plaintiff's constitutional rights and describe

25  the connection or link between each defendant's action and the plaintiff's injuries. *See Kwai Fun*

26  *Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004).

27         Accordingly,  IT IS HEREBY ORDERED that:

28         1.      Plaintiff's petition to proceed in forma pauperis is DENIED WITHOUT PREJUDICE

-3-

1 | to its being refiled.

2 |       2.      If plaintiff, within 30 days from the date of this order, submits a new, properly

3 | completed application to proceed in forma pauperis, including a certified inmate account statement

4 | showing his funds for the period of February 26, 2008 through August 26, 2008, this action will be

5 | reinstated, and plaintiff's petition will be granted.

6 |       3.      The Clerk of the Court is directed to send plaintiff an Application to Proceed In

7 | Forma Pauperis By a Prisoner for use in a civil rights action.

8 | ////

9 | DATED: January 22, 2009

10 |

11 |                               /s/ Raymond C. Fisher

12 |                               Raymond C. Fisher,
United States Circuit Judge
Sitting by Designation

-4-