UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLTON VAN SCOTT                          1:08-cv-2006-RCF

         Plaintiff,                               ORDER DENYING SECOND
                                                      APPLICATION TO PROCEED IN
v.                                               FORMA PAUPERIS

GLENDA MOORE et al.,

         Defendants.

_____

On October 16, 2008, plaintiff, a state prisoner proceeding pro se, filed a petition to proceed in forma pauperis (IFP). Docket No. 7. The court denied this petition without prejudice because although plaintiff submitted an IFP application that included an inmate account statement, the account statement did not include information for the six-month period immediately preceding August 26, 2008, the date that plaintiff filed his complaint, and thus failed to meet the requirements of 28 U.S.C. § 1915(a)(2). Docket No. 10. The court ordered that this action would be reinstated if, within 30 days of its order, plaintiff filed a new, properly completed IFP application, <u>including a certified inmate account statement showing his funds for the period of February 26, 2008 through August 26, 2008</u>. Docket No. 10.

Thirty-one days after being served with this order, plaintiff submitted a new IFP application. Docket No. 14. This second IFP application, however, is deficient in two important respects. First, although the court ordered plaintiff to include a certified inmate account statement showing his funds for the six months immediately preceding the date of his complaint, <u>plaintiff failed to submit any inmate account statement with his second IFP application</u>. Second, unlike his first IFP application, plaintiff's second IFP application <u>does not include the signature of an authorized officer</u> certifying the sum of money currently available in his inmate account.

Because plaintiff's second IFP application was not properly completed, plaintiff's petition to proceed in forma pauperis will be denied without prejudice. If, within 30 days of this current order, plaintiff files a new, properly completed IFP application, <u>including a certified inmate account</u>

statement showing his funds for the period of February 26, 2008 through August 26, 2008, this action will be reinstated, and plaintiff's petition will be granted. However, if plaintiff files an IFP application that is not properly completed, or fails to file the application within 30 days of this order, the court will dismiss this action under Local Rule 11-110 for failure to comply with a court order.

Plaintiff has also filed a motion for leave to file a second amended complaint. Docket No. 12. The court will not rule on the motion at this time, but notes that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading, absent court permission to the contrary. The amended complaint that plaintiff proposes to file, docket no. 13, does not appear to satisfy this requirement. If plaintiff elects to amend his complaint, each claim and the involvement of each defendant must be sufficiently alleged, without reference to the complaint he already filed. He must also include new copies of the exhibits he attached to his complaint, unless he specifically asks in the amended complaint that the court transfer the exhibits from his original complaint to the amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition to proceed in forma pauperis is DENIED WITHOUT PREJUDICE to its being refiled.

2. If plaintiff, within 30 days from the date of this order, submits a new, properly completed application to proceed in forma pauperis, including a certified inmate account statement showing his funds for the period of February 26, 2008 through August 26, 2008, this action will be reinstated, and plaintiff's petition will be granted.

3. Failure to comply with this order, including failure to file a new application to proceed in forma pauperis that is both timely and properly completed, will result in dismissal of this action under Local Rule 11-110.

4. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

////

DATED: March 27, 2009

/s/ Raymond C. Fisher
Raymond C. Fisher,
United States Circuit Judge
Sitting by Designation