UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CARLTON VAN SCOTT | 2:08-cv-2006-RCF (P) |
|---|---|
| Plaintiff, | <u>ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A</u> |
| v. | |
| GLENDA MOORE et al., | |
| Defendants. | |

Plaintiff Carlton Van Scott is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Mr. Van Scott has submitted a declaration that substantially complies with the requirements of 28 U.S.C. § 1915(a). *See* Docket No. 16. Accordingly, his request to proceed in forma pauperis is granted.

Mr. Van Scott is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 3.33[1] will be assessed by this order. 28 U.S.C. § 1915(b)(1). This Court will direct the appropriate agency to collect the initial partial filing fee from Mr. Van Scott's trust account and forward it to the Clerk of the Court. Going forward, Mr. Van Scott will be obligated for monthly payments of 20 percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, this Court must "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a

---

[1] This amount reflects 20 percent of the $16.67 six-month average monthly balance reported in Mr. Van Scott's IFP petition. 42 U.S.C. § 1915(b)(1).

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court [must] identify cognizable claims or dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). This Court must therefore determine whether Mr. Van Scott's complaint states a cognizable claim for relief with respect to each named defendant.

The Court has reviewed Mr. Van Scott's complaint and has determined that it states cognizable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against defendants Glenda Moore, a nurse practitioner, and Yuen M. Chen, a physician.[2] Under the Eighth Amendment, prison officials must provide prisoners with medical care. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). Not every medical injury to a prisoner, however, constitutes an Eighth Amendment violation. In order to establish an Eighth Amendment violation based on prison medical treatment, a plaintiff must prove two things. "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was *deliberately indifferent*." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"A prison official acts with deliberate indifference . . . only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A plaintiff may prove that a defendant acted with "deliberate indifference" by demonstrating " (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need *and* (b) harm caused by the indifference." *Jett*, 439 F.3d at 1036 (emphasis added) (internal quotation marks omitted). A plaintiff may show "indifference" by the way in which "prison officials deny, delay or intentionally interfere with medical treatment, or . . . by the way in which prison physicians provide medical care." *Id.*

---

[2] This Court also reviewed the complaint in denying his first motion to proceed in forma pauperis, and repeats its analysis here for the parties' convenience.

A prison physician does *not* violate the Eighth Amendment, however, merely through "an inadvertent or negligent failure to provide adequate medical care." *Id.* (internal quotation marks omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Moreover, supervising personnel are not generally liable under 42 U.S.C. § 1983 for the violations of those who work for them. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Mr. Van Scott alleges that defendant Moore refused to provide him with the medication necessary to treat an infected toenail, and that he continues to suffer pain as a result of this infection. Mr. Van Scott also appears to allege that defendant Chen would not examine him even after he made an appointment. These allegations, if construed in the light most favorable to plaintiff, are sufficient to state cognizable Eighth Amendment claims against defendants Moore and Chen. But this is not to say that the court has decided whether Mr. Van Scott would prevail on these claims.

Mr. Van Scott's complaint fails, however, to state claims against the other named defendants. Mr. Van Scott alleges that defendant Lowe, a physician, examined plaintiff's toe but found no signs of infection. This allegation, even if proved, could, at best, show only that Dr. Lowe was negligent in examining plaintiff, which would not constitute an Eighth Amendment violation. Mr. Van Scott's complaint includes no allegations against the other named defendants, Drs. Toppenburger, Traquina and Naku. Therefore, Mr. Van Scott's complaint is dismissed as to the claims against these defendants without prejudice to filing a second motion seeking leave to amend the complaint within 60 days of this order.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is

---

[3] In a separate order filed the same day as this one, the Court denies Mr. Van Scott's motion filed March 20, 2009 for leave to file an amended complaint, docket no. 12, because, as the Court will explain in that order, our Local Rules require that an amended complaint be "complete in itself without reference to the prior or superseded pleading." Local Rule 15-220. Within 60 days of this order, however, Mr. Van Scott may file a new amended complaint that complies with this requirement.

| | |
|---|---|
| 1 | assessed an initial partial filing fee of $3.33.  The Director of the California Department of |
| 2 | Corrections or his designee shall collect payments from plaintiff's prison trust account in an amount |
| 3 | equal to 20 percent of the preceding month's income credited to the prisoner's trust account and |
| 4 | shall forward those payments to the Clerk of the Court each time the amount in the account exceeds |
| 5 | $10.00,  in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and |
| 6 | forwarded to the Clerk of the Court.  The payments shall be clearly identified by the name and |
| 7 | number assigned to this action. |
| 8 |     3. Service is appropriate for the following defendants: |
| 9 |         a. Glenda Moore |
| 10 |         b. Yuen M. Chen |
| 11 |     4. The Clerk of the Court shall send plaintiff two (2) USM-285 forms, one summons, an |
| 12 | instruction sheet and a copy of the complaint filed August 26, 2008. |
| 13 |     5. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of |
| 14 | Submission of Documents and submit the following documents to the court: |
| 15 |         a. The completed Notice of Submission of Documents; |
| 16 |         b. One completed summons; |
| 17 |         c. One completed USM-285 form for each defendant listed in number 3 above; and |
| 18 |         d. Three (3) copies of the endorsed complaint filed August 26, 2008. |
| 19 |     6. Plaintiff need not attempt service on defendants and need not request waiver of service. |
| 20 | Upon receipt of the above-described documents, the court will direct the United States |
| 21 | Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without |
| 22 | payment of costs. |
| 23 | |
| 24 | DATED: May 18, 2009. |
| 25 | |
| 26 |                                           /s/ Raymond C. Fisher |
| 27 |                                           UNITED STATES CIRCUIT  JUDGE<br>                                          Sitting by Designation |
| 28 | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLTON VAN SCOTT                                    1:08-cv-2006-RCF (P)

       Plaintiff,                                         NOTICE OF SUBMISSION OF DOCUMENTS

v.

GLENDA MOORE et al.,

       Defendants.

_____

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       ____ completed summons form

       ____ completed USM-285 forms

       ____ copies of the _____ Complaint/Amended Complaint

DATED:

       _____
       Plaintiff