UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARLTON VAN SCOTT

      Plaintiff,

v.

GLENDA MOORE et al.,

      Defendants.

2:08-cv-2006-RCF (P)

ORDER DENYING MOTION FOR LEAVE TO AMEND AND DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

      Plaintiff Carlton Van Scott is a state prisoner proceeding pro se and in forma pauperis. In a concurrently filed order, this Court screened Mr. Van Scott's complaint filed August 26, 2008, docket no. 1, and found service appropriate for defendants Moore and Chen. Before the Court made this determination, plaintiff filed a motion for leave to amend his complaint, docket no. 12, and a copy of the amended complaint he wishes to file, docket no. 13. For the reasons below, the Court will deny plaintiff's motion and dismiss the amended complaint without prejudice to plaintiff filing a new amended complaint within 60 days of this order.

      In order to state a cognizable constitutional claim, a plaintiff must demonstrate how each named defendant violated the plaintiff's constitutional rights and describe the connection or link between each defendant's action and the plaintiff's injuries. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004). A plaintiff does not meet this burden by making vague and conclusory allegations that an official participated in a civil rights violation, but instead must show an affirmative link between the defendant's action and the plaintiff's injury. *See Ivy v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

      As explained in this Court's first order denying plaintiff's in forma pauperis petition, docket no. 10, plaintiff's complaint makes out Eighth Amendment claims against defendants Moore and Chen by alleging that (1) Moore refused to provide him with the medication necessary to treat an infected toenail, that (2) Chen refused to examine him even after he made an appointment and that (3) plaintiff continues to suffer pain as a result of this infection. *See Jett v. Penner*, 439 F.3d 1091,

-1-

1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Plaintiff's amended complaint, however, does not include these allegations, but instead includes vague assertions such as that "[t]hese doctors were aware of my condition of pain and skin severity but did nothing."  Docket no. 13 at 3.

These allegations are not in themselves sufficient to make out a claim against any of the named defendants.  Although plaintiffs initial complaint contains allegations sufficient to make out claims against defendants Moore and Chen, plaintiff cannot simply incorporate or refer to allegations in the original complaint in order to make out a claim in an amended complaint.  This is because an amended complaint supersedes the original complaint, *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), and because Local Rule 15-220 requires that an amended complaint be "complete in itself without reference to the prior or superseded pleading."

Moreover, the facts that plaintiff alleges in the amended complaint should be consistent with those alleged in the initial complaint.  *See Klarfield v. United States*, 944 F.2d 583, 585 (9th Cir. 1991) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'").  The statement in plaintiff's amended complaint that the defendants "did nothing" appears to be inconsistent with plaintiff's allegation in the original complaint that defendant Lowe examined plaintiff's toe but found no signs of infection.  Plaintiff may be able to file a new amended complaint that sets forth allegations detailed enough to resolve this inconsistency, but the amended complaint that plaintiff has already filed is too insubstantial to do so.

We therefore deny plaintiff's motion for leave to file an amended complaint and dismiss the amended complaint filed March 20, 2009 without prejudice.  Within 60 days of this order, plaintiff may file a new amended complaint that includes both the original allegations that state a claim against defendants Moore and Chen and new allegations that state claims against other named defendants, provided that the new allegations are consistent with those contained in the original complaint, but more detailed as explained above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint, docket no. 12, is DENIED without prejudice.

2. Plaintiff's amended complaint filed March 20, 2009, docket no. 13, is DISMISSED without prejudice to plaintiff refiling a new amended complaint within 60 days of this order.

DATED: May 18, 2009

/s/ Raymond C. Fisher

UNITED STATES CIRCUIT JUDGE
Sitting by Designation