1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                     EASTERN DISTRICT OF CALIFORNIA
10
11   CARLTON VAN SCOTT,              2:08-cv-2006-RCF (PC)

12          Plaintiff,              **ORDER GRANTING DEFENDANTS' MOTION
                                     FOR SUMMARY JUDGMENT**
13   v.

14   GLENDA MOORE, et al.,

15          Defendants.

16   _____/

17                          **I. Procedural History**

18          Plaintiff Carlton Van Scott is a state prisoner proceeding pro se and in forma pauperis in

19   this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Van Scott's

20   second amended complaint, filed June 3, 2009, against defendants Moore and Chen for acting with

21   deliberate indifferent to his serious medical needs, in violation of the Eighth Amendment.  On March

22   1, 2010, defendants filed a motion for summary judgment.  (Docket No. 35.)  Van Scott filed an

23   opposition on March 22, 2010, defendants filed a reply on March 29, 2010, Van Scott filed a

24   supplemental opposition on March 30, 2010 and defendants filed a supplemental reply on April 2,

25   2010.  (Docket Nos. 38, 39, 40, 42.)  The Court provided Van Scott with notice of the requirements

26   for opposing summary judgment by orders filed June 10, 2009 and March 3, 2010.  *See Klingele v.*

27   *Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  (Docket Nos. 24, 36.)

28   //

## II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file."" *Id.*  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider or by specifically

1   referencing any other portions of the record they wish the Court to consider.  *Carmen v. San*

2   *Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### III.  Undisputed Facts

4       1.  At all times relevant to this action, Van Scott has been incarcerated at California State

5   Prison, Solano, located in Vacaville, California (CSP Solano). (Docket No. 20 at 2.)

6       2.  At all times relevant to this action, defendant Glenda Moore was employed, on a

7   contract basis, by the California Department of Corrections and Rehabilitation (CDCR) as a Nurse

8   Practitioner at CSP Solano. (Moore Decl. ¶ 2.)

9       3.  Defendant Yuen Pao Chen began employment at CSP Solano as a California-licensed

10  physician and surgeon on September 4, 2007.  (Chen Decl. ¶ 3.)

11      4.  Chen was not present when Moore conducted her medical examination on Van Scott on

12  January 31, 2007.  (Chen Decl. ¶ 5.)

13      5.  On January 31, 2007, Van Scott presented for an examination by Moore at CSP Solano

14  with complaints of left wrist pain accompanied by limited mobility, as well as psoriasis on his legs,

15  back and scalp.  (Moore Decl. ¶ 5; Ex. A.)

16      6.  While examining Van Scott, Moore noted that: (1) Van Scott was alert and oriented; (2)

17  he had multiple psoriasis plaque or lesions over his legs, back and scalp; (3) there was no drainage or

18  infection of his psoriasis plaque or lesions; and (4) he exhibited tenderness and pain with movement

19  of his left wrist.  (Moore Decl. ¶ 6; Ex. A.)

20      7.  After examining Van Scott, Moore prescribed moderate exercise to increase the range of

21  motion in his left wrist, refilled his then-current prescribed medications, including Motrin, Benadryl,

22  triamcinolone cream, clobetasol ointment and coal tar shampoo, and recommended that he return for

23  dermatology and rheumatology consultations in 90 days. (Moore Decl. ¶ 8; Ex. A; Ex. B.)

24      8.  During Moore's examination, Van Scott did not seek medication for, or complain of

25  pain caused by, an infection to his right toenail.  (Moore Decl. ¶ 7; Ex. A.)

### IV.  Eighth Amendment Claim for Deliberate Indifference to Medical Needs

27      A violation of the Eighth Amendment occurs when prison officials are deliberately

28  indifferent to a prisoner's medical needs.  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

1    To establish an Eighth Amendment violation based on prison medical treatment, a plaintiff must

2    prove two things.  "First, the plaintiff must show a 'serious medical need' by demonstrating that

3    'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

4    and wanton infliction of pain.'"  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*

5    *v. Gamble*, 429 U.S. 97, 104 (1976)).  "Second, the plaintiff must show the defendant's response to

6    the need was deliberately indifferent."  *Id.*  A prison official acts with "deliberate indifference . . .

7    only if the [official] knows of and disregards an excessive risk to inmate health and safety."  *Gibson*

8    *v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation

9    marks omitted).  Under this standard, the prison official must not only "be aware of facts from which

10   the inference could be drawn that a substantial risk of serious harm exists," but that person "must

11   also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

12           When the Court screened Van Scott's second amended complaint in accordance with 28

13   U.S.C. § 1915A, it determined that he stated cognizable Eighth Amendment claims against Moore

14   and Chen as follows: (A) Moore deliberately refused to provide him with the medication necessary

15   to treat an infected toenail on January 31, 2007; (B) Chen deliberately refused to examine him even

16   after he made an appointment, also on January 31, 2007; and (C) Moore noticed that Van Scott was

17   contracting dermatitis, but out of malice did nothing to treat his condition.  (Docket No. 21.)

18   **A.  Moore's Deliberate Indifference to Van Scott's Infected Toenail**

19           Van Scott's second amended complaint alleged that he informed Moore that he needed pills

20   to alleviate the symptoms of an infection that occurred on his right toe nail.  Docket No. 20 at 3-4.

21   He alleged that Moore stated that CSP Solano did not carry a pill for relieving the infection on his

22   toenail and that Moore prescribed only Motrin.  *Id.*  He alleged the prescribed medication was

23   ineffective at relieving the suffering and pain caused by infection and that he suffered resulting pain

24   and suffering.  *Id.*

25           Summary judgment is proper on this claim for two reasons.  First, Van Scott abandoned

26   this claim by declining to address it in his papers opposing defendants' motion for summary

27   judgment.  *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("'It is a general

28   rule that a party cannot revisit theories that it raises but abandons at summary judgment.'" (quoting

*Davis v. City of Las Vegas*, 478 F.3d 1048, 1058 (9th Cir.2007))).  Second, even if the claim were

not abandoned, defendants have offered undisputed evidence that Van Scott never complained of an

infection or otherwise made them aware of it.  Van Scott offered no contrary evidence.  He cannot

rely on the allegations of the second amended complaint.  *See Moran v. Selig*, 447 F.3d 748, 759 (9th

Cir. 2006) (holding that unverified complaints "cannot be considered as evidence at the summary

judgment stage").  Further, although Van Scott has submitted over 150 pages of medical records,

they are not admissible, *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)

(holding that unauthenticated documents cannot be considered at summary judgment), and contain

no evidence of a nail infection or of defendants' knowledge of one.  Summary judgment on this

claim is therefore granted to defendants.

**B. Chen's Refusal to Examine Van Scott**

Van Scott's second amended complaint alleged that, on January 31, 2007, Dr. Chen

scheduled an appointment for him, but did not examine him.  Docket No. 20 at 3.  Summary

judgment is proper on this claim because defendants have presented undisputed evidence that Dr.

Chen was not employed by CDCR in January 2007, did not work at CSP Solano until September

2007 and was not present when Moore examined Van Scott on January 31, 2007.  Van Scott offers

no contrary evidence.  He cannot rely on allegations in an unverified pleading.  The medical records

are inadmissible and do not in any event dispute defendants' evidence.  Summary judgment on this

claim is therefore granted to defendant Chen.

**C. Moore Failure to Treat Van Scott's Skin Condition**

Van Scott also alleges that Moore was deliberately indifferent to Van Scott's skin

condition, causing his condition to worsen.  He specifically alleges that Moore failed to prescribe

calcipotriene.  Docket No. 20 at 3, 4.

Summary judgment is proper on this claim as well.  Defendants' evidence demonstrates

that when Van Scott presented to Moore on January 31, 2007, she recognized and noted his

complaints regarding his left wrist pain and psoriasis on his legs, back and scalp.  She examined him

and observed multiple psoriasis plaque or lesions over his legs, back and scalp.  She also noted the

absence of any drainage or infection of his plaque or lesions and the tenderness and pain he felt when

he moved his left wrist.  Moore suggested a plan of moderate exercise to increase the range of

motion in his left wrist, refilled his then-current medications to help relieve his pain and discomfort

associated with his wrist pain and psoriasis and recommended that he return for both dermatology

and rheumatology consults in 90 days.  She prescribed, among other things, Motrin, Benadryl,

triamcinolone cream, clobetasol ointment and coal tar shampoo.  This evidence does not indicate

deliberate indifference and Van Scott offered no contrary evidence.  At most, he demonstrated a

difference of opinion over whether calcipotriene, as opposed to the medications actually prescribed,

were the preferable treatment for his psoriasis symptoms.  Such disagreements, without more, do not

create a triable issue of an Eighth Amendment violation.  *See Franklin v. Or., State Welfare Div.*,

662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison

medical authorities regarding treatment does not give rise to a § 1983 claim."); *Jackson v. McIntosh*,

90 F.3d 330, 332 (9th Cir. 1996) (to prevail on a claim involving choices between alternative courses

of treatment, a prisoner must show that the chosen course of treatment "was medically unacceptable

under the circumstances," and was chosen "in conscious disregard of an excessive risk to plaintiff's

health").  Summary judgment is therefore granted to defendant Moore on this claim.

**D.  Other Issues**

In his opposition, Van Scott addresses two issues that are not before the Court on summary

judgment.  First, Van Scott's contention that defendants were negligent or engaged in medical

malpractice is legally untenable.  *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has

been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional

violation merely because the victim is a prisoner.").  Second, he asserts that joinder of defendants

Moore and Chen is appropriate.  Joinder is not disputed.

**V.  Qualified Immunity**

Defendants Moore and Chen argue in the alternative that they are entitled to qualified

immunity.  The Court does not reach this issue because it has granted summary judgment on other

grounds.

//

1

## VI.  Conclusion

Van Scott has not submitted any evidence raising a triable issue of fact on his claims that defendants acted with deliberate indifference to his serious medical needs by failing to treat an infected toenail or skin condition.  Therefore, defendants are entitled to judgment as a matter of law on the claims against them.  It is hereby ordered that:

1.  Defendants' motion for summary judgment, filed March 1, 2010 (Docket No. 35), is GRANTED;

2.  The Clerk of the Court shall enter judgment for defendants Moore and Chen and against plaintiff in accordance with this order; and

3.  The Clerk of the Court shall close this file.

IT IS SO ORDERED.

Dated:   **April 6, 2010**                         _____**/s/ Raymond C. Fisher**_____
                                                                    UNITED STATES CIRCUIT JUDGE
                                                                    Sitting by Designation